UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BITE TECH, INC. and i1 BIOMETRICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> X2 BIOSYSTEMS, INC., <br><br> Defendant. | CASE NO. 12-1267-RSM <br><br> ORDER ON MOTIONS TO SEAL |

## I. INTRODUCTION

This matter is before the Court for consideration of four pending motions to seal documents: two from the Plaintiffs ("Bite Tech") (Dkt. # 62 and 74) and two from the Defendant ("X2") (Dkt. # 50 and 71). For the reasons set forth below, the motions to seal are GRANTED.

## II. BACKGROUND

In May 2011, Bite Tech and X2 entered into a Technology License Agreement ("Agreement") that provided Bite Tech with an exclusive worldwide license on X2's impact

ORDER ON MOTIONS TO SEAL - 1

sensing technology.  Under the Agreement, Bite Tech was to develop an impact sensing mouthguard that would enable real-time monitoring of impact forces for athletes, military troops and others at risk of concussions or similar harms.  The Agreement provides for rightful termination if Bite Tech becomes insolvent or institutes bankruptcy proceedings.  Pursuant to the terms, Bite Tech completed $2 million in advance royalty payments in January 2012.  By March 2012, X2 terminated the Agreement alleging Bite Tech's insolvency.  Bite Tech has denied the allegations of insolvency and X2 has declined to reimburse Bite Tech's $2 million royalty payment.  Consequently, Bite Tech instituted this action against X2.  On November 14, 2012, the Court entered a Stipulated Protective Order, in which the parties agreed to designate sensitive and proprietary information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Dkt. # 28.  Pursuant to the Order, the parties seek to seal various documents that have been labeled as "confidential" during discovery.

## III. DISCUSSION

"There is a strong presumption of public access to the court's files."  CR 5(g)(2).  For non-dispositive motions, "this presumption may be overcome by a showing of good cause."  *Id*.  For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents.  *Id.*  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F. 3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

1. <u>X2's Motion to Seal, Dkt. # 50</u>

X2 seeks to seal an unredacted copy of its Motion to Compel and certain Exhibits to the Declaration of Bryan Graff in support of its Motion to Compel. The redacted portions of the motion and the exhibits have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. # 28). In support of the motion, Bite Tech argues that as a privately held company, the materials contain commercially sensitive financial information. Dkt. # 58, p. 2.

The exhibits attached to Mr. Graff's supporting declaration contain: (1) excerpts from the deposition of Bite Tech's former Chief Marketing Officer, who testified about Bite Tech's business and finances; (2) balance sheets of detailed financial information prior to termination of the License Agreement; (3) detailed information regarding Bite Tech's future business plans; and (4) a letter from X2's counsel discussing the materials related to future business plans. The Court is mindful of the proprietary nature of confidential financial information, which includes future plans and past information that may be used to predict future business. *See Microsoft Corp. v. Motorola, Inc.*, No. 10-1823, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (provisionally granting a motion to seal financial documents, as the documents pertain to a central issue in the case). As to the unredacted Motion to Compel, "the court will allow parties

to file entire memoranda under seal only in rare circumstances." CR 5(g)(3). X2 has additionally filed an unsealed version of the motion (Dkt. # 51), in which any portions that reference the protected exhibits have been redacted. The Court finds the redactions proper and X2's unredacted motion may remain under seal. *See Coloplast A/S v. Generic Medical Devices, Inc.*, No. 10-0227, 2012 WL 3629037, at *1-2 (W.D. Wash. Aug. 22, 2012) (granting a motion to seal a permanent injunction motion, provided that the party submit a version that redacts any portion referencing the confidential exhibits).

**The Clerk is directed to MAINTAIN UNDER SEAL the documents filed at Dkt. # 53 and 54.**

2. <u>Bite Tech's Motion to Seal, Dkt. # 62</u>

Bite Tech seeks to seal: (1) an unredacted Opposition to X2's Motion to Compel; (2) Exhibit 5 of Denis J. Sinclitico's declaration; and (3) an unredacted copy of Brian Anderson's declaration. In support of the motion, X2 argues that Exhibit 5 of Mr. Sinclitico's declaration contains information of its "financial projections, balance sheets, profit and loss statements and cash flow statements" that could "undercut X2's operations, vendors and business opportunities." Dkt. # 79, p. 3. Mr. Anderson's declaration lists Bite Tech's primary sources of funding, which are the property of a private investor, GF Fund. Dkt. # 62, pp. 2-3. The Court agrees that there is good cause to seal these documents, which are competitively sensitive to both parties. The Court also finds that Bite Tech, in its unsealed version (Dkt. # 63), redacted parts that reference the financial figures contained in the declaration and exhibits. Thus, Bite Tech's unredacted Opposition may remain under seal.

**The Clerk is directed to MAINTAIN UNDER SEAL the documents filed at Dkt. # 64, 66 and 68.**

3. <u>X2's Motion to Seal, Dkt. # 71</u>

X2 seeks to seal an unredacted version of its Reply in Support of the Motion to Compel. The redacted portions of the publicly-filed Reply (Dkt. # 72) contain information discussed in Mr. Anderson's declaration (Dkt. # 68). Bite Tech supports the motion to seal, because it contains commercially sensitive information of a third party. Dkt. # 81. Since the Court has already determined good cause to seal Mr. Anderson's declaration, X2's redactions in its unsealed Reply are proper. The unredacted version may remain under seal.

**The Clerk is directed to MAINTAIN UNDER SEAL the document filed at Dkt. # 73.**

4. <u>Bite Tech's Motion to Seal, Dkt. # 74</u>

Bite Tech seeks to seal an unredacted version of its Reply to X2's Opposition to the Motion to Compel (Dkt. # 55) and Exhibit 1 of Mr. Sinclitico's declaration. X2 supports the motion, arguing that Mr. Sinclitico's declaration contains "pro formas, financial projections, balance sheets, profit and loss statements and cash flow statements." Dkt. # 79 p. 3. The Court agrees there is good cause to seal the confidential financial information contained in Exhibit 1, which may put X2 at a competitive disadvantage if released to the public. Bite Tech has also redacted only the portions that reference the Exhibit in its unsealed version (Dkt. # 75). Thus, the unredacted Reply may remain under seal.

**The Clerk is directed to MAINTAIN UNDER SEAL the documents filed at Dkt. # 76 and 78.**

Dated this 5th day of April 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE